UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED ACTION
CASE NO.: 0:22-cv-60055-WPD

DANIEL ESTERLY, *individually and on behalf of all others similarly situated*,

    Plaintiff,

vs.

NORTH BROWARD HOSPITAL DISTRICT,
d/b/a BROWARD HEALTH,

    Defendant.
_____/

ABIGAIL WALECKI, *on behalf of herself and all others similarly situated*,    CASE NO.: 0:22-cv-60083-WPD

    Plaintiff,

vs.

NORTH BROWARD HOSPITAL DISTRICT,
d/b/a BROWARD HEALTH

    Defendant.
_____/

## **ORDER CONSOLIDATING CASES**

THIS MATTER is before the Court *sua sponte*.

On January 14, 2022, the Court entered an Order requiring Plaintiffs to show cause as to why the above actions should not be consolidated. [DE 6] in Case No. 22-cv-60055-WPD; [DE 6] in Case No. 22-60083. Plaintiff Daniel Esterly and Plaintiff Abigail Walecki filed a stipulated joint response, per the Court's Order, stating that counsel for Plaintiffs in both actions "have conferred and agree that consolidation is appropriate pursuant to Fed. R. Civ. P. 42(a) because the actions

involve common questions of law or fact as they name the same Defendant, arise from the same data security breach, and assert overlapping claims on behalf of overlapping putative classes[.]" [DE 9] in Case No. 22-cv-60055-WPD; [DE 10] in Case No. 22-60083.

Rule 42(a) provides:

> (a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). This rule is a codification of a trial court's inherent managerial power "'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1012 (5th Cir.1977) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). The Eleventh Circuit has encouraged district courts to "make good use of Rule 42(a) ... in order to expedite the trial and eliminate unnecessary repetition and confusion." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (quoting *Dupont v. Southern Pacific Co.*, 366 F.2d 193, 195 (5th Cir.1966), cert. denied, 386 U.S. 958 (1967)).

This Court's decision under Rule 42(a) is purely discretionary. *See Hendrix*, 776 F.2d at 1495 (citations omitted). In exercising its discretion, the court must determine:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir.1982), cert. denied, 460 U.S. 1102 (1983) and 464 U.S. 1040 (1984).

Here, the Court finds the cases are clearly related. Plaintiffs have filed actions asserting substantially similar claims, against the same Defendant, arising from the same facts, on behalf of substantially similar classes. Moreover, judicial and party resources will be conserved by consolidation of these actions. Therefore, the Court exercises its discretion to consolidate these cases for all purposes, including trial.

Accordingly, the Court hereby **ORDERS and ADJUDGES** as follows:

1. Case No. 22-cv-60055-WPD and Case No. 22-cv-60083-WPD are hereby **CONSOLIDATED** for all purposes, including trial.

2. All pleadings and papers shall be filed in the lower numbered case, Case No. 22-cv-60055-WPD and shall henceforth bear the caption set forth by the Court on page 1 of this Order.

3. Case No. 22-cv-60083-WPD is hereby **ADMINISTRATIVELY CLOSED**. Any documents filed in Case No. 22-cv-60083-WPD in the future shall be **automatically stricken**.

4. The Clerk shall place a copy of this Order in Case No. 22-cv-60055-WPD and Case No. 22-cv-60083-WPD, thereby indicating that the cases have been consolidated.

5. On or before **February 8, 2022** the Plaintiffs shall meet and confer regarding the filing of a consolidated amended class action complaint.

6. On or before **February 18, 2022** the Plaintiffs shall file a single, joint status report indicating whether Plaintiffs will be filing a consolidated class action complaint in this consolidated action.

7. For purposes of this Court's Order Requiring Counsel to Meet, File Joint Scheduling Report and Joint Discovery Report, filed at [DE 8] in Case No. 22-cv-60055-WPD and [DE 7] in Case No. 22-cv-60083-WPD, the Court will require a consolidated joint scheduling

report and consolidated joint discovery report for these consolidated actions, when such filings become due.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida, this 25th day of January, 2022.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record